# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-10772

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2015

Lyle W. Cayce
Clerk

RANDY J. AUSTIN,

Plaintiff–Appellant,

v.

KROGER TEXAS L.P., doing business as Kroger Store #209,

Defendant–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-cv-1169

Before ELROD and HIGGINSON, Circuit Judges, and JACKSON, District
Judge.*

PER CURIAM:**

Plaintiff-Appellant Randy Austin appealed the district court's grant of
summary judgment in favor of Defendant-Appellee Kroger Texas L.P. We
certified a question of state law to the Supreme Court of Texas. *Austin v.
Kroger Texas L.P.*, 746 F.3d 191 (5th Cir. 2014). The Supreme Court of Texas
answered our question in a thorough opinion. *Austin v. Kroger Texas L.P.*, No.

---

* Chief Judge of the Middle District of Louisiana, sitting by designation.

** Pursuant to Fifth Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth
Cir. R. 47.5.4.

No. 12-10772

14-0216, 2015 WL 3641066 (Tex. June 12, 2015). Under Texas law, "an employer's premises-liability duty to its employee includes only the duty to protect or warn the employee against concealed hazards of which the employer is aware, or reasonably should have been aware, but the employee is not." *Id.* at *3. Because there is no contention that Austin was unaware of the hazards of the spill leading to his fall and injury, and because he cannot claim the benefit of either of the two narrow exceptions provided for by Texas law, the district court correctly granted summary judgment on this claim.

The Supreme Court of Texas further clarified that Austin's necessary instrumentalities claim is independent of his premises-liability claim and that Kroger owed him "duties in addition to its premises-liability duty and its duty not to engage in negligent activities, including the duty to provide Austin with necessary instrumentalities." *Id.* at *15. The district court did not consider whether Austin could pursue a claim based on Kroger's alleged failure to provide a necessary instrumentality of his employment.

Accordingly, we AFFIRM the district court's grant of summary judgment on Austin's premises-defect claim. We REMAND to the district court so that it may consider Austin's claim of ordinary negligence in the first instance.[1]

---

[1] We have already affirmed the district court's grant of summary judgment to Kroger on Austin's gross negligence claim, and the Texas Supreme Court's decision does not disturb that holding. *See Austin*, 746 F.3d at 196 & n.2.

2